UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Ramon A Diaz Guzman

Case No.: 26-17855-PDR
Chapter 13

Debtor /

**NOTICE OF OBJECTION TO CLAIM**

The Debtor, Ramon A Diaz Guzman, has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

**If you do not want the court to eliminate or change your claim, then you or your lawyer must file a written response within 30 days from the date this objection was served, explaining why your claim should be allowed as filed.**

The written response must contain the case name, the case number, your name, and your claim number. If filed by an attorney, the written response must be filed electronically. If filed without an attorney, the written response must be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, in the division in which this case is pending:

| Miami Division: | Fort Lauderdale Division: | West Palm Beach Division: |
|---|---|---|
| United States Bankruptcy Court<br>Southern District of Florida<br>C. Clyde Atkins United States Courthouse<br>301 North Miami Avenue, Room 150<br>Miami, Florida 33128 | United States Bankruptcy Court<br>Southern District of Florida<br>United States Courthouse<br>299 East Broward Blvd., Room 112<br>Ft. Lauderdale, FL 33301 | United States Bankruptcy Court<br>Southern District of Florida<br>Flagler Waterview Building<br>1515 North Flagler Drive, Suite 801<br>West Palm Beach, FL 33401 |

If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the deadline stated above.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and may enter an order sustaining the objection without further notice or hearing.** If you or your attorney do file a timely response to the objection, the court will schedule a hearing, by separate notice of hearing, to resolve the objection.

**Objection to Claim Number**

Debtor objects to claim number 10 filed by LVNV Funding, LLC as a general unsecured claim on August 19, 2026, for the following reasons:

On August 19, 2026, LVNV Funding, LLC filed Proof of Claim No. 10 asserting a general unsecured claim in the amount of $74,264.19 arising from account ending in 6815. The claim identifies Cross River Bank as the original creditor and reflects a principal balance of $74,264.19.

Prior thereto, on June 22, 2026, Upgrade, Inc. filed Proof of Claim No. 3 arising from the same account ending in 6815 in the amount of $71,487.52. The documents attached to both proofs of claim establish that they arise from the same underlying obligation. The Debtor incurred only one obligation relating to this account and does not owe separate debts to both Upgrade, Inc. and LVNV Funding, LLC.

Claim No. 10 does not establish whether LVNV Funding, LLC acquired the subject obligation before or after the filing of Claim No. 3. If the obligation was transferred after Claim No. 3 was filed, Fed. R. Bankr. P. 3001(e)(2) requires the transferee to file evidence of the transfer so that the transferee may be substituted for the transferor with respect to the previously filed claim. If the obligation was transferred before Claim No. 3 was filed, the Debtor requests that LVNV Funding, LLC establish the date and basis of the transfer so that the proper claimant and amount of the single allowed claim may be determined.

Additionally, Claim No. 10 asserts $74,264.19, consisting of principal of $71,487.52 and interest of $2,776.67, whereas Claim No. 3 asserts only $71,487.52 with respect to the same obligation. The competing proofs of claim therefore also assert different amounts which must be reconciled before a distribution is made on account of this debt.

Accordingly, the Debtor requests that Claim No. 10 be disallowed as duplicative of Claim No. 3. Alternatively, if LVNV Funding, LLC establishes that it is presently entitled to enforce the obligation, the Debtor requests that the Court determine which single proof of claim is entitled to allowance and direct the appropriate substitution or other disposition so that only one claim receives distributions on account of this obligation. The Debtor reserves all objections to the amount and enforceability of either claim pending evidence concerning the transfer of the obligation.

Respectfully submitted:
September 18, 2026

**Jose A. Blanco, P.A.**
By: */s/ Jose A. Blanco* | FBN: 062449
Attorney for Debtor(s)
102 E 49th ST
Hialeah, FL 33013,
Tel. (305) 349-3463
E-mail: jose@blancopa.com